**Sans Souci Park for use of Miles E. Fried, Appellee, v. Gilbert M. Anderson, Appellant.**

**Gen. No. 22,423.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Sans Souci Park, a corporation, for use of Miles E. Fried, plaintiff, against Gilbert M. Anderson, defendant, in the Municipal Court of Chicago, to recover on a contract. From a judgment for plaintiff for $4,162.11, defendant appeals.

The plaintiff entered into a written agreement with defendant giving to him the exclusive concession and license to conduct a theater in plaintiff's premises known as the skating rink building, during the summer season. The defendant agreed to build a stage and prepare the building for theatrical purposes at his own expense. He also agreed to pay plaintiff for lighting, advertising, etc. Defendant took possession and erected a stage in the skating rink building and prepared it for use as a theater.

Sans Souci Park v. Anderson, 202 Ill. App. 118.

It was claimed by plaintiff that later the defendant requested to be permitted to change the grade of the floor so that patrons of the theater sitting in the rear could see the acting on the stage, and that it was agreed between the parties that defendant might construct a graded or sloping floor as a superstructure on the skating rink floor, upon condition that at the conclusion of the summer season defendant would remove this superstructure and restore the skating rink floor to its original condition. Such a graded floor was erected and used during the summer season, but at the conclusion of the summer season defendant did not remove this superstructure, whereupon plaintiff had this done, and attempted by this suit to recover the cost incurred by it in so doing. Liability for the expense of this work and the correctness of the account for the same were the subjects of controversy.

FRANK & LURIE, for appellant.

SIDNEY S. POLLOCK, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 221*—*what not a defense in action by landlord for cost of removing structure.* Where a written lease provided that no alteration should be made in the premises without the written consent of the lessor, *held* that in an action by the lessor to recover money expended by it in removing a structure erected on the premises by the lessee under an oral agreement made subsequently to the making of the lease, whereby the lessee agreed to remove the structure at the termination of the tenancy, the lessee could not defend on the ground that the oral agreement was not binding, as being in violation of the terms of the lease, since the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

provision that the written consent of the lessor must be obtained was for the protection of the lessor and could be waived by it.

2. LANDLORD AND TENANT, § 221*—*when tenant liable for cost of removing structure.* A lessee who had erected a structure on premises devised under a written lease, not providing for the erection, *held* liable to the lessor for money expended by him in removing the structure at the termination of the tenancy.

3. TRIAL, § 83*—*when not abuse of discretion to reopen case.* Where, after the plaintiff and the defendant had apparently rested, the court allowed the plaintiff, on his request, to introduce further testimony, *held* that there was no abuse of discretion in so doing.

4. ACCOUNT STATED, § 25*—*when proof of individual items unnecessary.* Where a statement of account of the plaintiff against the defendant was shown to the defendant who agreed to its correctness and promised to pay the amount at a later date, *held* that it was not necessary that the plaintiff, in order to recover, should introduce evidence in detail as to the various items.